LEO MARMORSTEIN, PLAINTIFF-RESPONDENT, v. STATE THEATRES CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 5, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the defendant-appellant, *Atwood C. Wolf*.

For the plaintiff-respondent, *Charles C. Colgan*.

PER CURIAM.

The suit was for assault and battery and false imprisonment and malicious prosecution arising out of a dispute which took place during a moving picture or vaudeville show in the theatre of the defendant company. There was a verdict for the plaintiff, and defendant appeals.

The case was argued very much as if it were a rule to show cause, but, of course, it is not. The principal ground of appeal urged is that the court erred in refusing to nonsuit, but, after an examination of the testimony in the case, we are clearly of opinion that it would have been error to nonsuit. The facts, as the jury was entitled to find them from the testimony, are that the plaintiff attended the performance as the holder of a reserved seat, and during the performance left his seat for the purpose of visiting the toilet; when he started back to his seat he was told he could not go then but to wait until the end of the number. Appellant's brief claims that he was told to wait until the end of the act, and there is a sharp contradiction in the testimony on this point, the plaintiff saying in his testimony that it was the end of the number, and that the act had six or seven numbers in it. He says he waited until the end of the number, and then went down to his seat; that shortly afterwards a young man—no doubt an usher—came down to him and said, "You think you are a privileged character?" The plaintiff said "No," and that the young man said, "Well, I will see you at the end of this act." And that at the end of the act he came down with a policeman who took him to the manager of the theatre, a Mr. Keale; that they talked a few minutes, and then Keale said to the officer, "Take him out." The officer called up the police station on the telephone, the patrol wagon came, and Mr. Keale told the usher to go to the station and make a charge of assault and battery against the plaintiff. All went to the station together, the charge was made, and afterwards dismissed. On cross-examination the plaintiff testified that when he started back for his seat at the end of the number, and got past the ushers, they grabbed hold of him, and that he pulled away and walked down to his seat.

There are twenty-four separate specifications of alleged error in the case, but they can all be considered under three or four heads. The first is that the court erred in refusing to nonsuit and in refusing to direct a verdict. These refusals were proper; the testimony of the plaintiff, as the trial judge properly said, would prevent that. It shows, if believed (and the jury had a right to believe it), that the defendant's employes laid hands on the plaintiff; that he was substantially taken into custody in the theatre, turned over to an officer by the direction of Keale and taken down to a police station, where a formal complaint was made against him by Keale's express instructions. Keale's authority in the premises as the executive of the theatre was shown by his own testimony; so that, as to the responsibility of the corporation, the case is within the rule laid down in *Wendelken v. New York, Susquehanna and Western Railroad Co., 88 N. J. L. 270.*

What has been said seems to cover the first four points made in the brief.

Point five is based on specification eighteen, the language of which is: "The trial court erroneously left it to the jury to determine whether there was probable cause for the arrest of the plaintiff." This specification is insufficient to bring up the alleged error complained of in that it fails to give the language of the trial court; but we have examined the portion of the charge set out in the brief, and are clearly of opinion that the instructions there quoted are quite as favorable to the defendant as it had any right to expect.

Point six brings up the admission of a question to the plaintiff as to his membership in certain fraternal organizations, and it is alleged that this was error; but in an action for malicious prosecution, evidence as to the character and standing of the plaintiff is relevant upon the question of damages.

The seventh and last point is that the court erred in charging the jury that "the complaint is that the defendant, acting through its agent, committed an assault and battery upon the plaintiff," and it is alleged that this was error because the state of demand does not so allege. In answer to this it is sufficient to quote from the state of demand that the servants

and agents of the defendant within the scope of their authority and in the performance of their duties "with force and arms assaulted the plaintiff and with great force and violence pulled and dragged him about," &c.

We find no error in the case, and the judgment is, accordingly, affirmed.